Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Kristie Gustafson-Snyder*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIE GUSTAFSON-SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>BARSTOW COMMUNITY HOSPITAL; and FROST-ARNETT COMPANY.<br><br>Defendant. | Case No. 5:23-cv-00263<br><br>**Plaintiff's Complaint AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br>3. Cal. Civ. Code § 3345<br><br>(Unlawful Debt Collection Practices) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kristie Gustafson-Snyder ("Plaintiff"), by and through her attorneys, alleges the following against Defendants Barstow Community Hospital ("Barstow") and Frost-Arnett Company ("Frost-Arnett").

## **INTRODUCTION**

1.     Counts I and II of Plaintiff's Complaint is based upon the FDCPA and RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices connection with the collection of consumer debts.

2.     Count III of Plaintiff's Complaint is based upon Cal. Civ. Code § 3345, which allows, in an action brought by a disabled person to redress unfair or deceptive acts or practices or unfair methods of competition, recovery up to three times greater than authorized by the statute, or where, the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

## JURISDICTION AND VENUE

3.     The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

4.     Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

5.     Because Defendants conduct business within the County of San Bernardino, State of California, personal jurisdiction is established.

6.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

COMPLAINT AND DEMAND FOR JURY TRIAL

**PARTIES**

7.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8.      Plaintiff is a "disabled person" as defined by Cal. Civ. Code § 1761(g).

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Plaintiff is a natural person residing in Barstow, California.

11.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

12.     As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

13.     Defendants allege Plaintiff owed them money arising out of medical services performed upon Plaintiff by Defendants  for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14.     Plaintiff allegedly owed a monetary debt to Defendant, which makes Defendants a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

15.     Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

16.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17.     Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of themselves, and is therefore both a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

18.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

19.     At all relevant times herein, Defendant Barstow was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served at its principal place of business, located at 820 E. Mountain View Street, Barstow, CA 92311.

20.     At all relevant times herein, Defendant Frost-Arnett was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served at through its agent for service of process, C T Corporation System, located at 330 N. Brand Blvd., Glendale, CA 91203.

21.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

22.     On or about April 13, 2018, Plaintiff was injured in a work-related accident which has required on-going medical treatment or services.

23.     On at least one occasion between April 13, 2018 and October 12, 2021, Plaintiff visited Defendant Barstow for medical treatment related to her workplace accident.

24.     At the time, Plaintiff expressly informed Defendant Barstow that her injury was work related, she an on-going workers compensation claim, and provided all information to Defendant Barstow regarding her workers compensation claim.

25.     On or about October 12, 2021, Plaintiff returned to Defendant Barstow's emergency room for emergency medical treatment related to her workplace accident.

26.     During her emergency room visit on October 12, 2021, Plaintiff informed Defendant Barstow that the injury was related to a workplace accident, that she had an on-going workers compensation claim and once again provided all information so that Defendant Barstow could bill the proper party.

27.     During the October 12, 2021 emergency room visit, Defendant Barstow acknowledged that Plaintiff had been seen by them for her workplace accident and that the current treatment was a continuation of medical treatment for her workplace injury.

28.    As such, Defendant Barstow, and the hospital staff at Barstow, knew or should have known that Plaintiff's injuries were the result of a workplace accident.

29.    Defendant Barstow is attempting to collect an alleged debt from Plaintiff related to her workplace injury.

30.    Despite have knowledge that Plaintiff's injuries are the result of a workplace accident, Defendant Barstow began attempting to collect from Plaintiff directly and sent Plaintiff bills for collection for medical services she was not legally responsible for.

31.    Having been advised by Plaintiff at the time of treatment, Defendant Barstow possessed specific information regarding Plaintiff's injury, including the fact that it was a work-related injury; a critical fact which Defendant knew or should have known.

32.    Plaintiff's employer accepted liability for the injuries she suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to her work-place injury is not Plaintiff's legal responsibility.

33.    In or around January 2022, Plaintiff received a medical statement/bill from Defendant Barstow for her October 2021emergency room visit.

COMPLAINT AND DEMAND FOR JURY TRIAL

34.     The statement/bill was attempting to collect an amount of $1,774.76, of which Plaintiff is not responsible for.

35.     In or around April 2022, Plaintiff received a medical statement/bill from Defendant Barstow for her October 2021 emergency room visit.

36.     The statement/bill was attempting to collect an amount of $1,774.76, of which Plaintiff is not responsible for.

37.     On at least one occasion after receiving the medical statements/bills from Defendant Barstow, Plaintiff visited Defendant Barstow in-person and informed the billing department that she was not responsible for the bills and that it was part of her workers compensation claim.

38.     During this in-person visit by Plaintiff, Defendant Barstow acknowledged that Plaintiff had a workers compensation claim and the bills were subject to workers compensation.

39.     However, despite this, Defendant Barstow continued to send statements/bills in an attempt to collect on the alleged debt and even proceeded to place the alleged debt with a third-party debt collector, Defendant Frost-Arnett.

40.     In or around June 2022, Defendant Frost-Arnett sent Plaintiff a collection letter attempting to collect on an alleged debt owed for the October 12, 2021 emergency room visit.

41.     The collection letter was attempting to collect an amount of $1,774.76 of which Plaintiff is not responsible for.

42.     The collection letter was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

43.     Upon information and belief, Defendants placed debt collection calls to Plaintiff in an attempt to collect on the alleged debt.

44.     In or around August 2022, Plaintiff received a medical statement/bill from Defendant Barstow for a July 24, 2022 visit seeking to collect an amount of $200.00.

45.     However, the medical statement/bill had a different patient name listed, but was addressed to "SVUSD" and sent to Plaintiff's home address.

46.     Plaintiff was left confused because Barstow was now sending her a bill for a different amount and for an account that did not even belong to her.

47.     Again, in or around September 2022, Plaintiff received a medical statement/bill from Defendant Barstow for a July 24, 2022 visit.

48.     The statement/bill was attempting to collect an amount of $200.00, of which Plaintiff is not responsible for.

49.     The statement/bill was addressed to "SVUSD" and indicated that the account remained unpaid.

COMPLAINT AND DEMAND FOR JURY TRIAL

50.    The statements/bills were attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

51.    Due to Defendants' abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

52.    Plaintiff was under the belief that all medical services she received that were related to her workplace injury were not her responsibility and would be paid for by her employer, which is what the law mandates.

53.    Plaintiff was repeatedly told by her workers compensation attorney that she was not responsible for the medical service related to her workplace injury, but the repeated collection letters caused her to doubt her attorney.

54.    Defendant had in its possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendant sent Plaintiff bills and statements in an attempt to collect on a debt Plaintiff is not legally responsible for.

55.    The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

COMPLAINT AND DEMAND FOR JURY TRIAL

56.     The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.,* No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

57.     Defendants attempted to collect a debt regarding Plaintiff's medical treatment at Barstow Community Hospital stemming from a work-related injury covered by workers' compensation.

58.     The alleged debt Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

59.     Moreover, Plaintiff is a disabled person as defined by Cal. Civ. Code § 1761(g).

60.     Plaintiff's injury left her unable to walk for several months, which meant she could not work.

61.     Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

62.     Defendants' conduct was directed towards Plaintiff, a disabled person.

**<u>COUNT I</u>**
**ALL Defendants**
**(Violations of RFDCPA, Cal. Civ. Code § 1788 *et seq.*)**

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

        b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

        c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

        d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

65. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

66. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendant Frost-Arnett
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Defendant Frost-Arnett violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection a debt.

b.  Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c.  Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d.  Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e.  Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in its communications that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

f.  Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

g.  Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

COMPLAINT AND DEMAND FOR JURY TRIAL

69. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

70. As a result of the foregoing violations of the FDCPA, Frost-Arnett is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### ALL Defendants
### (Violations of CAL. CIV. CODE § 3345)

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Cal. Civ. Code § 3345(a) provides that this section will apply in an action brought by disabled persons to redress unfair competition or deceptive acts.

73. Cal. Civ. Code § 3345(b) allows a disabled person to recover up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

74. Plaintiff is a disabled person as defined by Cal. Civ. Code § 1761(g).

75. Plaintiff's workplace injury left her unable to walk for several months, and unable to work.

76. Defendants engaged in unfair competition and/or deceptive acts in its unlawful collection activity, including but not limited to, sending collection

letters/statements in an attempt to mislead Plaintiff and collect from her amounts of money she does not in fact owe.

77. As a result of Defendants' conduct and violations, Defendants are liable to Plaintiff for three times greater than authorized by the FDCPA and RFDCPA.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Kristie Gustafson-Snyder, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendant Frost-Arnett violated the FDCPA;

B. Statutory damages against Defendant Frost-Arnett of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages against Defendant Frost-Arnett pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees against Defendant Frost-Arnett pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

E. Declaratory judgment that Defendants violated the RFDCPA;

F. Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

H. Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I. Treble damages pursuant to Cal. Civ. Code § 3345;

J. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

K. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 17th day of February 2023.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Kristie Gustafson-Snyder*